IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BENNY BENTON                                                                                           PLAINTIFF
ADC #078917

v.                                         3:22-cv-00277-KGB-JJV

DEXTER PAYNE,
Deputy Director, ADC; *et al.*                                                              DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

Benny Benton ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* § 1983 Amended Complaint alleging that in March 2022, Defendants ADC Deputy Director William Straughn, former ADC Deputy Director Marshall Dale Reed, Deputy Warden John Moss, and Mailroom Supervisor Kristy Smith violated his First Amendment rights when they refused to allow him to receive a *South Beach Singles* brochure and ten pictures. (Doc. 5.) I have previously issued a Partial Recommended Disposition suggesting all other claims and Defendants be dismissed without prejudice. (Doc. 7.)

And that Partial Recommended Disposition is still pending.

Defendants have filed a Motion for Summary Judgment arguing the claims against them should be dismissed without prejudice because Plaintiff failed to properly exhaust his administrative remedies. (Docs. 18-20). Plaintiff has not filed a Response, and the time to do so has expired. After careful consideration and for the following reasons, I recommend the Motion be GRANTED; Plaintiff's First Amendment claim against Defendants Moss, Reed, Smith, and Straughn be DISMISSED without prejudice; and this case be CLOSED.

**II.    SUMMARY JUDGEMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465

(8th Cir. 2010).

### III.  ANALYSIS

#### A.  The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).  Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility.  *Id.*

#### B.  Publication Review Policy

ADC Administrative Directive 20-04 and Grimes Unit Policy GU 16.05.0 provide that if the Unit Publication Review Committee rejects an incoming publication or photograph for containing prohibited materials it will be sent to the Unit Warden, who must decide whether to reject or accept the publication/photograph within thirty days of receipt.  (Doc. 18-2 at 2; Doc.

18-3 at 4.) If the Warden decides to reject the publication/photograph, written notice of the reason for rejection and the opportunity to appeal is sent to the inmate, who has ten days to file an appeal. (Doc. 18-2 at 4; Doc. 18-3 at 4-5.) If an inmate decides to do so, the Warden's decision and a photocopy of the rejected material are sent to the ADC Central Review Committee, which makes the final decision. (*Id.*) Importantly, an inmate must use this procedure, and may not raise the issue in the ADC's grievance process. (*Id.*)

### C.     Plaintiff's Grievances

The Legal Support Specialist for the Central Office Publication Review Committee says in her sworn declaration that Plaintiff did not appeal the Warden's rejection of *South Beach Singles* or his photographs to the Central Office Publication Review Committee. (Doc. 18-1.) Plaintiff has not presented any contrary evidence. But that does not end the analysis because the PLRA only requires prisoners to exhaust their "available" administrative remedies. *See* 42 U.S.C. § 1997e(a). Administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 642-44 (2016). And, the Supreme Court has emphasized there are no "judge-made exceptions" such as "special circumstances" or good cause. *Id.* at 639.

In his verified Amended Complaint, Plaintiff says he attempted to grieve the rejection of his publication and photographs, but unspecified staff threw away his grievance and the ADC Deputy Director refused to consider his appeal because the grievance procedure was not the proper way to challenge the rejection.[1] (Doc. 5 at 4.) Under the PLRA, proper exhaustion "means

---

[1] *See Presson v. Reed*, 65 F.4th 357, n. 2 (8th Cir. 2023) (a verified complaint signed under penalty of perjury is the equivalent of an affidavit for summary judgment purposes)

using all steps that the agency holds out and doing so properly so that the agency addresses the issues on the merits." *Woodford*, 548 U.S. at 90. Here, the ADC required Plaintiff to use the appeal procedures explained in ADC Administrative Directive 20-04 and Grimes Unit Policy GU-16.05.0, and not the grievance process, to challenge the rejection of his publication and photographs. Because he did not do so, I conclude Defendants are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *Eldridge v. Payne,* No. 3:20-cv-335-LPR-JJV, 2021 WL 2673056, *3 (E.D. Ark. May 4, 2021), *rec. adopted,* 2021 WL 266133 (E.D. Ark. June 29, 2021) (finding improper exhaustion when a prisoner attempted to use the ADC's grievance procedure to challenge the rejection of a publication); *Scott v. Gibson*, No. 5:19-cv-63-DPM-JJV, 2020 WL 4810154, at *6 (E.D. Ark. Mar. 23, 2020) (same), *aff'd*, 840 F. App'x 56 (8th Cir. 2021).

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

5

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. 18) be GRANTED.

2. Plaintiff's First Amendment claim against Defendants Moss, Smith, Reed, and Straughn be DISMISSED without prejudice, and this case be CLOSED.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 15th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE